UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
STRIKE 3 HOLDINGS, LLC,

                                 Plaintiff,

             -against-

JOHN DOE subscriber assigned IP address
74.90.20.20,

                               Defendant.
----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
18-cv-7323 (DRH)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this copyright infringement action, on referral from the Honorable Denis R. Hurley for Report and Recommendation, is Plaintiff's Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") Motion for Default Judgment. *See* Docket Entry ("DE") DE [19]. By way of Complaint filed on December 23, 2018, Plaintiff commenced this action alleging that an unnamed Defendant infringed its copyrights on 32 films by illegally downloading, copying and distributing them without Strike 3's authorization through the peer-to-peer file sharing software BitTorrent. *See* Complaint ("Compl."), DE [1]. On May 20, 2019, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(d), the Court authorized Plaintiff to subpoena Defendant's Internet Service Provider to determine Defendant's identity based on his Internet Protocol ("IP") address. *See* DE [7]. Upon obtaining Defendant's identity, Strike 3 filed its Amended Complaint under seal on November

11, 2019, *see* Amended Complaint ("Amend. Compl."), DE [9],[1] and effectuated service of the Summons and Amended Complaint on December 6, 2019. *See* DE [13].[2] After Defendant failed to appear or otherwise defend this action, the Clerk of the Court entered default against him on August 11, 2020. *See* DE [17]. On March 25, 2021, Plaintiff filed the instant motion under seal,[3] which Judge Hurley referred to this Court for a Report and Recommendation. *See* Order Referring Motion, dated March 29, 2021. For the following reasons, the Court respectfully recommends that Strike 3's motion be granted.

## I. BACKGROUND

Plaintiff, a limited liability company that makes adult videos, is the registered owner of copyrighted adult films (the "Films"). Amend. Compl. ¶¶ 2-3, 10; *see also id.* at Exhibit ("Ex.") A. Defendant is an individual residing in New York State. *Id.* ¶ 11. Strike 3 alleges that Defendant used BitTorrent—a "system designed to quickly distribute large files over the Internet . . . [by] connect[ing] to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users"—to illegally download and distribute approximately 32

---

[1] In granting Plaintiff permission to subpoena Defendant's Internet Service Provider to determine Defendant's identity, the Court ordered Strike 3 to refer to Defendant as "John Doe" regardless of what information it ultimately received pursuant to the subpoena. *See* DE [7]. To comply with the Court's Order, Plaintiff filed the Summons and Amended Complaint naming Defendant under seal. *See* DE [10], [15].

[2] Plaintiff effectuated service by delivering the Summons and Amended Complaint to a "person of suitable age and discretion" on December 6, 2019 and subsequently mailing same by first class mail on December 9, 2019. *See* DE [13]. This method of service is proper under the New York Rules of Civil Procedure and the Federal Rules of Civil Procedure. *See* N.Y.C.P.L.R. § 308(2); Fed. R. Civ. P. 4(e)(1) (providing that service is proper where it complies with the law of the state in which service is made).

[3] As it did with the Summons and Amended Complaint, Strike 3 filed the instant motion, unredacted, under seal. S*ee* DE [22].

Films "over an extended period of time." *Id.* ¶¶ 4, 16, 22-26.  In so doing, Defendant infringed upon Plaintiff's exclusive right to reproduce, redistribute, perform and display the Films, in violation of 17 U.S.C. §§ 106 and 501 (the "Copyright Act").  *Id.* ¶ 42.

Plaintiff identifies each of the Films by its "digital fingerprint," known as a "file hash," and asserts that it is the owner of the copyrights on the Films.  *Id.* ¶¶ 19-21, 25, Ex. A.  Strike 3 further alleges that the Films were registered with the United States Copyright Office within three months of their publication and provides the registration date and number of each of the Films.  *Id.* ¶¶ 30-31, Ex. A.  Plaintiff maintains that Defendant willfully "downloaded, copied, and distributed a complete copy" of the Films, explaining the process by which Defendant used BitTorrent to commit the infringement.  *Id.* ¶¶ 16-29; *see also id.* at Ex. A (providing most recent date and time of Strike 3's connection to Defendant's IP address, through which Plaintiff could determine that Defendant had accessed the Films without authorization).

Strike 3 now moves for entry of a default judgment against Defendant for:  (1) statutory damages in the amount of $24,000, pursuant to 17 U.S.C. § 504(c)(1); (2) fees and costs in the amount of $400, pursuant to 17 U.S.C. § 505; and (3) post-judgment interest pursuant to 28 U.S.C. § 1961.  *See* Plaintiff's Motion for Default Judgment Against Defendant ("Pl. Mot."), DE [19], ¶¶ 20-21; [Proposed] Default Judgment Against Defendant ("Proposed Order"), DE [19-4], at 2.

## II.  DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process.  *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011).  Initially, the moving party must obtain a certificate of default from the Clerk of the Court.  Fed. R. Civ. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment.  *Id.* at 55(b).  Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true.  *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court[,]" and a party is not entitled to a default judgment as a matter of right.  *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."  *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citations omitted).  In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief."  *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015),

*report and recommendation adopted*, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted).   Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law."   *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citation omitted).

## III.  DISCUSSION

### A. <u>Liability</u>

Plaintiff seeks to hold Defendant liable for infringement of its copyrights on the Films in violation of 17 U.S.C. §§ 106 and 501.   Amend. Compl. ¶ 42.   The Copyright Act grants copyright owners the exclusive rights to reproduce the copyrighted work, "prepare derivative works based upon the copyrighted work[,]" distribute copies of the copyrighted work to the public, and publicly perform and display the copyrighted work.   17 U.S.C. § 106(1)-(6).   A person or entity that violates a copyright owner's exclusive rights is liable for copyright infringement.   17 U.S.C. § 501; *see also Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-cv-2978, 2017 WL 4564763, at *2 (E.D.N.Y. Oct. 11, 2017) (citing 17 U.S.C. § 501).   To properly plead a copyright infringement claim, a plaintiff must allege:   "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the

copyright." *Adlife Mktg. & Commc'ns Co.*, 2017 WL 4564763, at *3 (internal quotation marks and citations omitted).

Applying these standards, the allegations in the Amended Complaint establish Defendant's liability for infringement of Strike 3's copyrights on the Films. With respect to the first two elements, Plaintiff clearly identifies each one of the Films by its file hash, and asserts that it is the owner of the copyrights on the Films. *See* Amend. Compl. ¶¶ 19-25, Ex. A. Next, Strike 3 alleges that the Films were registered with the United States Copyright Office, and provides the registration date and registration number of each one of the Films. *See id.* ¶¶ 30-31, Ex. A. Finally, Plaintiff describes with specificity Defendant's acts that infringed its copyrights on the Films—namely that Defendant "downloaded, copied, and distributed a complete copy" of the Films—and explains the process by which Defendant used BitTorrent to commit the infringement. *Id.* ¶¶ 16-29; *see also id.* at Ex. A (providing most recent date and time of Strike 3's connection to Defendant's IP address, through which Plaintiff could determine that Defendant had accessed the Films without authorization). Accordingly, the Court respectfully recommends that Defendant be held liable for copyright infringement. *See Malibu Media, LLC v. Greenwood*, No. 17-cv-1099, 2019 WL 7580083, at *3 (S.D.N.Y. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 209140 (S.D.N.Y. Jan. 14, 2020) (finding that plaintiff established defendant's liability as a matter of law where it provided copyright registration numbers and registration dates for each of the adult films at

issue and alleged that defendant had downloaded and copied the films without authorization).

## B. <u>Copyright Infringement Remedies</u>

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014) (internal quotation marks and citation omitted). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992) (citation omitted). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

As set forth above, Plaintiff seeks the following relief in connection with the default judgment: (1) statutory damages in the amount of $750 for each of the 32 copyright infringements, for a total of $24,000; (2) fees and costs in the amount of $400; and (3) post-judgment interest.

### i. *Statutory Damages*

Initially, Strike 3 seeks statutory damages under 17 U.S.C. § 504(c). Pl. Mot., ¶¶ 19-20. Statutory damages are only available to copyright owners who registered their copyright "[three] months after the first publication of the work or [one] month after the copyright owner . . . learned of the infringement[.]" 17 U.S.C. § 412; *see*

*also Millennium TGA, Inc. v. Leon*, No. 12-cv-1360, 2013 WL 5719079, at *9 (E.D.N.Y. Oct. 18, 2013) (citing 17 U.S.C. § 412).   A copyright owner who has registered its copyright may recover statutory damages of $750 to $30,000 for unintentional infringement and up to $150,000 for willful infringement.   17 U.S.C. § 504(c)(1)-(2). Courts have "wide discretion" in determining the amount of statutory damages to award.   *Greenwood*, 2019 WL 7580083, at *3 (*citing Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986)).

As an initial matter, the Court notes that Plaintiff registered the Films within three months of their publication, *see* Amend. Compl. Ex. A, and is therefore eligible to recover statutory damages.    Although Strike 3 alleges that Defendant's infringement was willful, *see* Amend. Compl. ¶ 43; Pl. Mot. ¶¶ 19-20, it ultimately only requests $750 per infringement for a total of $24,000.  Pl. Mot. ¶¶ 19-20.

Courts in this Circuit consider the following factors to determine the appropriate amount of statutory damages:  "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."  *Sadowski v. Render Media Inc.*, No. 17-cv-9045, 2020 WL 1178629, at *3-*4 (S.D.N.Y. Mar. 10, 2020) (citations omitted).  In light of Defendant's default, it is impossible for the Court to ascertain what, if any, profits Defendant earned by infringing (factor two) or the value of the infringing material (factor five).   Further, Plaintiff has provided no information

regarding revenue it lost as a result of Defendant's infringement (factor three). Nonetheless, the Court can evaluate Defendant's state of mind and conduct from his default (factors one and six), as well as the deterrent effect of damages on Defendant and others (factor four).

An evaluation of these factors weighs in favor of awarding Strike 3 $24,000 in statutory damages. First, based on Defendant's default, the Court may infer that his infringement was willful. *See Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011) ("Courts frequently infer willfulness where a defendant defaults.") (citations omitted). Second, the need to deter is great in cases where infringers, like Defendant, through the use of internet downloads, work with others to infringe copyrights. *See Arista Records LLC v. Usenet.com, Inc.*, No. 07-cv-8822, 2010 WL 3629688, at *6 (S.D.N.Y. Feb. 2, 2010), *report and recommendation adopted*, 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010) (noting high need for deterrence where defendants were "not alone in their pursuit to make [p]laintiffs' works freely available via internet downloads[]") (citations omitted); *see also Greenwood*, 2019 WL 7580083, at *4 (finding that deterrent effect on defendant—who had used BitTorrent to download and copy copyrighted works—and other potential infringers justified a "significant award") (citations omitted).

Further, the Court notes that while Strike 3 and similar adult video companies—who have brought countless nearly identical infringement actions in courts across the country—have sought and received a wide range of statutory damages, some courts have awarded statutory damages between $750 and $2,250 per

infringing work.  *See, e.g.*, *Strike 3 Holdings, LLC v. Sellers*, 18-CV-00956, 2019 WL 5387450, at *2 (N.D.N.Y. Oct. 22, 2019) (awarding $750 per infringement of 32 works infringed); *Strike 3 Holdings, LLC v. Doe*, 18-CV-01173-TSH, 2019 WL 1277561, at *7 (N.D. Cal. Mar. 20, 2019)  ("Strike 3 is requesting the minimum statutory amount permitted under the Copyright Act - $750 for each work infringed . . . Thus, the recovery sought is reasonable"); *Malibu Media, LLC v. Ling*, 80 F. Supp. 3d 1231, 1242-43 (D. Colo. 2015) (awarding $2,250 per infringement of 12 copyrighted adult films that defendant had infringed through the use of BitTorrent); *Malibu Media, LLC v. Flanagan*, No. 13-cv-5890, 2014 WL 2957701, at *4 (E.D. Pa. July 1, 2014) (awarding $1,500 per infringement of 20 copyrighted adult films); *Malibu Media, LLC v. Cowham*, No. 13-cv-00162, 2014 WL 2453027, at *2 (N.D. Ind. June 2, 2014) (awarding $1,500 per infringement of 24 copyrighted adult films).

Accordingly, based on an evaluation of the aforementioned factors and taking into consideration the amount of statutory damages awarded in substantially similar cases, the Court finds an award of $750 per infringement reasonable and recommends that Plaintiff be awarded a total of $24,000 in statutory damages for Defendant's infringement.

ii.   *Court Costs*

Strike 3 further seeks $400 in filing fees.  *See* Pl. Mot. ¶ 21; Proposed Order ¶ 10; Declaration of Jacqueline M. James in Support of Plaintiff's Motion for Default Judgment Against Defendant ("James Decl."), DE [19-2], ¶ 7.  The Copyright Act authorizes a court, "in its discretion," to order the payment of court costs to the

prevailing party. *Johnson v. Magnolia Pictures LLC*, No. 18-cv-9337, 2019 WL 4412483, at *4 (S.D.N.Y. Sept. 16, 2019) (quoting 17 U.S.C. § 505). In support of its request, Plaintiff has submitted its attorney's declaration of the costs incurred. *See* James Decl. ¶ 7. In the absence of invoices, receipts or other documentary proof of the costs sought, however, courts decline to award costs. *Nicaisse v. Stephens & Michaels Assocs., Inc.*, No. 14-cv-1570, 2016 WL 4367222, at *9 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016). Fees are nonetheless "recoverable without supporting documentation if verified by the docket." *Feltzin v. Union Mall LLC*, No. 16-cv-2303, 2019 WL 4022292, at *9 (E.D.N.Y. Mar. 12, 2019) (citations omitted). Accordingly, the Court respectfully recommends awarding the $400 filing fee paid on December 23, 2018, which is reflected on the docket. *See* DE [1].

### iii.    *Post-Judgment Interest*

Finally, Plaintiff seeks post-judgment interest under 28 U.S.C. § 1961. Proposed Order at 2. Pursuant to 28 U.S.C. § 1961(a), "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks, citation and alteration omitted). The exercise of judicial discretion in awarding post-judgment interest is not permitted, *id.* (citation omitted), and thus, the Court recommends awarding post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date of the entry of judgment in this case until Defendant has satisfied the judgment.

## IV.  CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Strike 3's motion for default judgment be granted.  Specifically, the Court recommends that Plaintiff's motion as to Defendant's liability be granted and that Strike 3 be awarded:  (1) $24,000 in statutory damages; (2) $400 in fees and costs; and (3) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## V.  OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below.  Strike 3 is directed to serve a copy of it on Defendant via first-class mail and file proof of service by ECF within three days of the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:        Central Islip, New York
              September 20, 2021

                              /s/ Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge